UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWNI RENEE SAUNDERS,

                Plaintiff,

v.

KILOLO KIJAKZI,[1]
Acting Commissioner,
Social Security Administration,

                Defendant.

_____/

Case No. 20-cv-12210

Paul D. Borman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 23); (2) ADOPTING MAGISTRATE JUDGE CURTIS IVY, JR.'S FEBRUARY 11, 2022 REPORT AND RECOMMENDATION (ECF NO. 22); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 21); AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER**

On February 11, 2022, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the final decision of the Commissioner to deny Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 22, Report and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and pursuant to Fed. R. App. P. 43(c)(2), she should be substituted for Andrew Saul as the defendant in this suit.

Recommendation.) On February 25, 2022, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 23, Pl.'s Obj.) Defendant filed a Response to Plaintiff's Objections on March 10, 2022. (ECF No. 24, Def.'s Resp.)

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections (ECF No. 23), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 22), GRANTS Defendant's Motion for Summary Judgment (ECF No. 21), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 19), and AFFIRMS the findings of the Commissioner.

## I.    BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation and the Court incorporates those factual recitations here. (Report and Recommendation, PageID.1526-34 (citing ECF No. 13, Transcript of Social Security Proceedings *passim*.) The record evidence will be discussed in this Opinion and Order only as necessary to the Court's resolution of Plaintiff's Objections. The following summary contains an overview of Plaintiff's disability claims.

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on September 22, 2015, alleging disability as of January 18, 2013. (ECF No. 13-6, PageID.425.) On November 14, 2017, Plaintiff appeared for and testified at a hearing before ALJ Lawrence E. Blatnik. (ECF No. 13-3, PageID.216.) Plaintiff was represented by attorney Darrin J. Andrus at the hearing. (*Id*.) On February 15, 2018, the ALJ issued an unfavorable decision on Plaintiff's claims. (*Id.* PageID.213.) Plaintiff requested a review by the Appeals Council, and upon review, the Appeals Council remanded the claim because the decision failed to evaluate the treating physician opinion of Dr. Salah Eldohiri and was unclear about Plaintiff's ability to sit or stand at will and the maximum Plaintiff could perform repetitive movement of the spine. (*Id.* PageID.233.)

On remand, the ALJ held a second hearing, and Plaintiff was again represented by attorney Andrus. (ECF No. 13-2, PageID.65.) Vocational Expert ("VE") Judith K. Findora also appeared and testified. (*Id.*) On September 3, 2019, the ALJ issued an unfavorable decision on Plaintiff's claims. (*Id.* PageID.62.)

The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status post laminectomy and fusion surgeries; osteoarthritis; obesity; depression; and, an anxiety disorder. (*Id.* PageID.68.) The ALJ found that Plaintiff does not have an impairment or combination of impairments the meet or medically equal a listed impairments. (*Id.*

PageID.71.) The ALJ determined that Plaintiff had the following Residual

Functional Capacity ("RFC"):

> to perform sedentary work . . . The claimant can lift, carry, push and pull ten pounds occasionally and less than ten pounds frequently. She can sit for six hours, and stand and walk for two hours, but would need to alternate position every 20 to 30 minutes, for three to five minutes at a time. She can never operate foot controls with either foot. She can never climb ladders, ropes, or scaffolds, or bend or twist at the waist; and can occasionally balance, stoop, kneel, crouch crawl and climb ramps and stairs. She can never work at unprotected heights or with moving mechanical parts, and must avoid all exposure to vibration. She can perform simple, routine and repetitive tasks; work that involves only occasional interaction with supervisors, coworkers and the public; and work that does not require frequent significant workplace changes or adaptions.

(*Id.* PageID.72.) The ALJ found that Plaintiff was unable to perform past relevant

work. However, considering Plaintiff's age, education, work experience, and RFC,

the ALJ determined there were jobs that exist in significant numbers in the national

economy that Plaintiff could perform, and that she therefore has not been under a

disability, as defined in the Social Security Act, since January 18, 2013. (*Id.*

PageID.76-77.)

Plaintiff requested review of the ALJ's decision by the Appeals Council,

which was denied on June 18, 2020. (*Id.* PageID.50.)

On August 17, 2020, Plaintiff commenced this action. (ECF No. 1.) The

parties filed cross motions for summary judgment. (ECF No. 19, Pl's Mot.; ECF No.

21, Def.'s Mot.) Plaintiff argued in her motion that (1) the ALJ violated the treating

physician rule by discounting her treater's opinion without "good reasons;" (2) the

RFC is not supported by substantial evidence because finding that Plaintiff can never

bend or twist at the waist is inconsistent with the limitation that she can occasionally

stoop and crouch and conflicts with sedentary work; and (3) the RFC's limitation

that Plaintiff needs to alternate positions every 20 to 30 minutes means she would

be off task 20% of the time and thus is work preclusive. (ECF No. 19.)

In the February 11, 2022 Report and Recommendation on the cross motions,

the Magistrate Judge recommended that the Court deny Plaintiff's Motion for

Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm

the Commissioner's decision. (Report.) The Magistrate Judge found that the ALJ's

decision was supported by substantial evidence. (*Id.*)

On February 25, 2022, Plaintiff filed an objection to the Magistrate Judge's

Report and Recommendation. (Pl.'s Obj.) Defendant filed its response to the

objection on March 10, 2022. (Def.'s Resp.)

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1),

the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report

and Recommendation to which a party has filed a "specific written objection" in a

timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

2004). A district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate [judge]'s report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human*

*Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course

for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts."

8

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

### III.   ANALYSIS

Plaintiff asserts two objections to the Magistrate Judge's Report and Recommendation. Defendant responds that Plaintiff's arguments fail to demonstrate any error in the Magistrate Judge's analysis.

**A. Objection No. 1**

In her first objection, Plaintiff states that she "disagrees with the Magistrate Judge's Report and Recommendation at pages 14-20, finding that the Administrative Law Judge gave 'good reasons' for rejecting the opinion of the Plaintiff's pain doctor, Dr. [Salah] Eldohiri's [sic]." (Pl.'s Obj. at pp. 1-3, PageID.1552-54.) Plaintiff states that while "most of [Dr. Eldohiri's] opinion was included in the RFC," his opinion that Plaintiff would only be able to stand/walk for less than two hours in an eight-hour workday, and sit for less than two hours in an eight-hour workday, were not included. (*Id.* at p. 2, PageID.1553.) Plaintiff argues that there are examination findings in the record that support Dr. Eldohiri's opinion. (*Id.* at p. 3, PageID.1554.)

As the Magistrate Judge explained in his Report and Recommendation regarding the ALJ's evaluation of Dr. Eldohiri's opinion:

> The ALJ must balance six factors to evaluate every medical opinion. 20 C.F.R. § 404.1527(c). These factors include: (1) whether the source examined the claimant; (2) treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole;

(5) specialization of the treating source; (6) and any other factors. *Id.* When, as here, a claim was filed before March 27, 2017, the treating physician rule applies. An ALJ must give controlling weight to the opinion of a treating physician if: "(1) the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) the opinion 'is not inconsistent with the other substantial evidence in [the]case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527)). This applies only when the opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Hum. Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991). If the ALJ gives less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. The reasons must be "'supported by the evidence in the case record, and … sufficiently specific to make clear … the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Gayheart*, 710 F.3d at 376 (citations omitted). This "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

(Report and Recommendation at pp. 14-15, PageID.1538-39.)

In his decision, the ALJ gave "little weight" to the October 2016 assessment of Plaintiff's treating physician, Dr. Eldohiri, because "the restrictions found are not well supported by his treatment records or the other contemporaneous record evidence." (ECF No. 13-2, PageID.74.) The Magistrate Judge concluded, upon his review of the ALJ's decision and the record evidence as a whole, that the ALJ gave sufficient reasons for affording the doctor's opinion "little weight," and that the ALJ's finding was supported by substantial evidence in the record, including the treatment notes of Dr. Eldohiri and his colleagues at the Insight Institute noting consistently normal physical exams, as well as other contemporaneous evidence

throughout the record of normal exams and mild diagnostic testing. (Report and Recommendation at pp. 18-20, PageID.1542-44.)

In her objection, Plaintiff does not identify any error by the Magistrate Judge, but instead merely disagrees with his finding. However, "'bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R.'" *Arroyo*, 2016 WL 424939, at *3. Plaintiff contends that there are examination findings "that show proof of disability in this 1,300+-page record." (Pl.'s Obj. at p. 3, PageID.1554.) This argument, however, merely invites the Court to reweigh the evidence, which it cannot do. *See Big Ranch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013) ("We do not reweigh the evidence or substitute our judgment for that of the ALJ."). Rather, "[i]f the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin*, 475 F.3d at 730

Accordingly, the Court does not find any legal error in the evaluation of Dr. Eldohiri's opinion, and Plaintiff's first objection is OVERRULED.

**B.      Objection No. 2**

In Plaintiff's second objection, she contends that there is a "contraindication" in the ALJ's RFC for sedentary work because the limitation that Plaintiff "can never … bend or twist at the waist" is work preclusive, as the inability to "bend or twist at the waist" "simply means the inability to get to a sitting position," and thus "an inability to actually perform work at a sedentary job." (Pl.'s Obj. at pp. 3-5, PageID.1554-56.) Plaintiff "suggests" that the ALJ "should have sought clarification from the VE as to whether these limitations would preclude the ability to be able to sit and perform sedentary work." (*Id.* at p. 5, PageID.1556.)

Plaintiff made this same argument to the Magistrate Judge. The Magistrate Judge squarely considered and properly rejected this argument, explaining that the ALJ expressly asked the VE during the administrative hearing, "what if we modify that last hypothetical and add an additional restriction that would be no bending or twisting at the waist. Would that have any vocational impact as far as jobs?" (Report and Recommendation at p. 22, PageID.1546, citing ECF No. 13-2, PageID.104.) The VE confirmed that this hypothetical individual could find work at a support clerk, packer, and sorter. (*Id.*) The Magistrate Judge stated that "[e]ven if inability to bend at the waist precluded sitting as Plaintiff argues, the VE considered this limitation and still found jobs in substantial numbers still existed in the national economy for such an individual." (*Id.* at p. 23 fn.5, PageID.1547.)

The Magistrate Judge did not err in finding that the ALJ properly relied on the VE's testimony. "All that is required before an ALJ can rely on vocational evidence provided by a vocational expert is that the ALJ either ensure that the evidence does not conflict with the information in the DOT or obtain a reasonable explanation for any conflict." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020) (citing *Lindsley*, 560 F.3d at 603). In this case, the ALJ satisfied this requirement when he asked the VE whether her testimony aligned with the DOT, and asked about the other sources of her opinion. (ECF No. 13-2, PageID.105-06.) Contrary to Plaintiff's suggestion that the ALJ should have sought further clarification from the VE, "the ALJ was under no duty 'to conduct an independent investigation' into the vocational expert's testimony to determine whether it was correct." *O'Neal*, 799 F. App'x at 318 (quoting *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)).

Further, Plaintiff had a chance to cross-examine the vocational expert during the hearing, and her counsel did so, but he did not ask for clarification from the VE regarding her testimony. (ECF No. 13-2, PageID.106.) It is settled law in this district that a "claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding waives, the claimant's right to raise such issues in the district court." *McCarley v. Berryhill*, No. 16-cv-14036, 2018 WL 1477668, at *2 (E.D. Mich. Mar. 27, 2018) (holding plaintiff was prohibited from

challenging the VE's testimony at the district level as she failed to object to the VE's

testimony during the hearing or raise the possibility that it conflicted with the DOT)

(citing *Lyon v. Comm'r of Soc. Sec.*, No. 1:11-cv-1104, 2013 WL 1149967, at *4

(W.D. Mich. Mar. 19, 2013)); *Mason v. Comm'r of Soc. Sec.*, No. 18-13050, 2019

WL 7631716, at *5 (E.D. Mich. Oct. 4, 2019) (holding plaintiff waived any

objection to the alleged conflict between the DOT and the VE's testimony as he

neither objected nor cross-examined the VE during the hearing), *report and*

*recommendation adopted by* 2020 WL 365091 (E.D. Mich. Jan. 22, 2020);

*McCarley v. Berryhill*, No. 16-CV-14036, 2018 WL 1477668, at *2 (E.D. Mich.

Mar. 27, 2018  (finding waiver because "the hearing record does not indicate that

plaintiff's counsel objected at any time to the vocational expert's testimony, nor did

plaintiff's counsel suggest that it conflicted with the DOT.").

For these reasons, Plaintiff's second objection is OVERRULED.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 23);

(2) ADOPTS Magistrate Judge Ivy's February 11, 2022 Report and

Recommendation (ECF No. 22);

(3) GRANTS the Commissioner's Motion for Summary Judgment (ECF No.

21);

(4) DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 19); and

(5) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

Dated: March 25, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge